# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

SERVICE PUMP & SUPPLY CO., INC,

                Plaintiff,

v.                                                    CIVIL ACTION NO. 3:18-00976

SUN INDUSTRIES, LLC and
TOBY BERTHELOT,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Service Pump & Supply Co., Inc's Motions for Summary Judgment against Defendant Sun Industries, LLC and Defendant Toby Berthelot. *See* ECF Nos. 29, 44, 56. This Court previously granted, in part, Plaintiff's Motion for Summary Judgment on its breach of contract claim against Defendant Sun. ECF No. 54. However, in order for the Court to rule on the remaining issues raised in the motion regarding interest, attorney fees, and costs, the Court directed the parties to file memoranda addressing those specific matters. *See id.* The Court also directed Plaintiff to file any Motion for Summary Judgment against Defendant Berthelot by May 27, 2019, and Plaintiff did so on May 23, 2019. *See id.*; ECF No. 56.

With respect to the parties' memoranda addressing the issues of interest, attorney fees, and costs, the parties only dispute the amount of interest which is due—with Plaintiff claiming that compound interest applies, and Defendants arguing that simple interest applies. *See Defs.' Post-Hr'g Mem.*, ECF No. 58, at 2; *Resp. in Opp. to Defs.' Post-Hr'g Mem.*, ECF No. 59, at 1. In regard to Plaintiff's Motion for Summary Judgment against Defendant Berthelot, Plaintiff argues that Defendant Berthelot is personally liable for Defendant Sun's obligations based on a credit contract,

while Defendant Berthelot simply disputes the proposition that the credit contract exposes him to personal liability. *See Mem. in Supp. of Pl.'s Mot. for Summ. J.*, ECF No. 57, at 1–6; *Resp. in Opp. to Pl.'s Mot. for Summ. J.*, ECF No. 61, at 1.

The parties have fully briefed the issues and the motions are ripe for adjudication. As explained below, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Plaintiff's Motion for Summary Judgment against Defendant Sun, and **GRANTS** Plaintiff's Motion for Summary Judgment against Defendant Berthelot.

**I. Background**

This case arises out of Plaintiff's allegation that Defendants breached a rental contract for generators by refusing to pay it the full contract price.[1] *See Compl.*, ECF No. 1; *Am. Compl.*, ECF No. 19. Plaintiff filed a Motion for Summary Judgment and an Amended Motion for Summary Judgment against only Defendant Sun on December 31, 2018, and March 22, 2019, respectively. *See* ECF Nos. 29, 44. Subsequently, on April 4, 2019, Defendants filed their own Motion for Summary Judgment against Plaintiff. *See* ECF No. 47.

After reviewing the briefs and concluding that Defendant Sun breached the rental contract between the parties by failing to pay the full contract price, this Court entered a memorandum opinion and order denying Defendants' Motion for Summary Judgment, and granting, in part, Plaintiff's Motion for Summary Judgment against Defendant Sun. *See Mem. Op. and Order*. However, merely finding that Defendant Sun breached the rental contract did not dispose of all the issues in this case because of the undisputed existence of an ancillary contract between the parties—a "credit contract"—that contains an interest provision and a liability provision.

---

[1] A complete background of how this dispute arose can be found in this Court's previous order. *See Mem. Op. and Order*, ECF No. 54, at 2–4. Thus, the Court will only detail the facts that are relevant to the issues still pending before it.

The credit contract states the following regarding interest on debt:

> 1. The applicant [Defendant Sun] agrees to payment terms of net 30 days and understands that service charges of 1.5% per month may accrue and be payable on past due balances.
> 2. Accounts over 60 days past due will have open account privileges revoked until the account is paid to current.
> 3. In the event collection is required, the applicant agrees to pay for all costs and expenses incurred in collecting and all unpaid indebtedness. Said costs and expenses shall include all attorney and collection fees.

*Credit Contract*, ECF No. 19-2, at 2.

The credit contract then states the following regarding liability for debt:

> In order to extend credit to the above applicant [Defendant Sun], the undersigned, as an authorized officer of the company guarantees the prompt payment of any indebtedness which may at any time and from time to time be incurred, and in the event of any default by the applicant, Service Pump & Supply shall be entitled to look to the undersigned immediately for such payment without prior demand, notice or other indulgence. In consideration of Service Pump & Supply extending credit, the undersigned unconditionally personally guarantees, jointly and severally, at all times, to Service Pump & Supply the payment of indebtedness or balance of indebtedness of the applicant.

*Credit Contract*, at 2.

Because the Court found that Defendant Sun breached the rental contract—and thus the credit contract provisions above apply—the Court directed the parties to file memoranda specifically addressing "the credit contract's obligation of interest, attorney fees, and costs." *See Mem. Op. and Order*. The parties did so. *See* ECF Nos. 58–60. Additionally, Plaintiff subsequently filed a Motion for Summary Judgment against Defendant Berthelot under the theory that he personally guaranteed Defendant Sun's debt via the credit contract. *See Pl.'s Mot. for Summ. J.*, ECF No. 56.

## II. Standard of Review

To obtain summary judgment, the moving party must show that no genuine issue as to any material fact remains and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, a court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Any inference, however, "must fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citation omitted). Therefore, summary judgment will not be granted if a reasonable jury could return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 247–48.

## III. Discussion

Because the Court has already held that Defendant Sun breached the rental contract for generators, only two issues remain for this Court to address. First, whether the credit contract requires Defendant Berthelot to personally satisfy the debts of Defendant Sun, and second, whether the credit contract requires the obligor to pay simple or compound interest.

### A. Personal Guaranty Under the Credit Contract

Plaintiff argues that it is entitled to summary judgment against Defendant Berthelot because, pursuant to the credit contract, Defendant Berthelot "is personally obligated to satisfy the debts" of Defendant Sun. *Pl.'s Mot. for Summ. J*, at 1. Defendant Berthelot disagrees, and claims that "the plain language of the credit contract establishes that Mr. Berthelot's signature was affixed to the credit contract on behalf of the company, and not in his personal capacity, and therefore he

did not assent to any personal guaranty." *Resp. in Opp. to Pl.'s Mot. for Summ. J.*, at 1. Defendant Berthelot's claim is senseless.

The following language of the credit contract is stated directly above Defendant Berthelot's signature: "the undersigned *unconditionally personally guarantees*, jointly and severally, at all times, to Service Pump & Supply the payment of indebtedness or balance of indebtedness of the applicant." There is no dispute that the applicant is Defendant Sun, and there is no dispute that Defendant Berthelot's signature is below this language. Thus, Defendant Berthelot asserts, inexplicably, that "he did not assent to any personal guaranty," despite the fact that he signed directly below a provision which stated that the undersigned assents to a personal guaranty.[2] This argument is nonsensical to say the least. The credit contract plainly and unambiguously obligates Defendant Berthelot to personally satisfy the debts of Defendant Sun, and thus that obligation must be enforced. *See Fraternal Order of Police, Lodge No. 69 v. City of Fairmont*, 468 S.E.2d 712, 716 (W. Va. 1996). Therefore, the Court grants Plaintiff's motion for summary judgment against Defendant Berthelot.

**B. Interest Under the Credit Contract**

Next, Plaintiff and Defendants disagree only on whether the 1.5% interest rate that applies should be calculated as simple interest or compound interest. *See Defs.' Post-Hr'g Mem.*, at 1; *Resp. in Opp. to Defs.' Post-Hr'g Mem.*, at 1. Because the agreement was made before any interest was due, the contract cannot provide for compound interest.

"Generally speaking, compound interest is disfavored in the law. 'The rule generally

---

[2] Technically "Mr. Berthelot's signature was affixed to the credit contract by one of Sun Industries' employees, with Mr. Berthelot's permission," but Defendant Berthelot "does not contend that someone else signing his name, with permission, somehow invalidates his signature." *See Resp. in Opp. to Pl.'s Mot. for Summ. J.*, at 2.

recognized and followed in [West Virginia] undoubtedly is that interest should not bear interest.'" *Hensley v. West Virginia Dept. of Health and Human Resources*, 508 S.E.2d 616, 626 (W. Va. 1998) (quoting *Hamilton v. Wheeling Public Service Co.*, 107 S.E. 401, 403 (W. Va. 1921)). However, "this principle admits of certain exceptions and modifications…." *See Hamilton*, 107 S.E. at 403. For example, prejudgment interest may be compounded "where there exists … [an] express written agreement establishing the type of prejudgment interest as being compound …." *See Hensley*, 508 S.E.2d at 627. But even this exception has limitations, as the West Virginia Supreme Court has stated that such an agreement must be "made *after* the interest which is to bear interest has become due and payable." *See Hamilton*, 107 S.E. at 403 (emphasis added).

There is no dispute in this case that the credit contract was made before, not after, any interest had become due and payable. Thus, pursuant to *Hamilton*, the exception allowing for compound interest when stated in an express agreement cannot apply to this case. Plaintiff does not directly attack this argument, and only references *Hamilton* in an attempt to distinguish it from this case by claiming that, unlike the plaintiffs in *Hamilton*, "Service Pump was not entitled to receive any pre-calculated interest payments under the lease contract …." *See Resp. in Opp. to Defs.' Post-Hr'g Mem.*, at 3. This assertion is a distinction without significance. The facts of *Hamilton* have no bearing on the general rule that compound interest may be applied when there is an agreement to compound interest *and* that agreement is made *after* the interest which is to bear interest has become due. In fact, the rule was established by the West Virginia Supreme Court almost forty years prior to *Hamilton*. *See Craig v. McCulloch*, 20 W. Va. 148, 154 (1882) ("it is definitely settled in [West Virginia] that an agreement to pay interest upon interest is valid *if made after the interest which is to bear interest has become due.*") (emphasis added).

Plaintiff also attempts to distinguish this case on the ground that the credit contract does

not actually contemplate "interest," but a "service charge." *See Resp. in Opp. to Defs.' Post-Hr'g Mem.*, at 3. Once again, this claim appears to be a meaningless distinction. Even ignoring the fact that Plaintiff itself has referred to the service charge as "interest,"[3] there is support for the proposition that a "service charge" in a rental contract is identical to "prejudgment interest." *See Ramona Equipment Rental, Inc. ex rel. U.S. v. Carolina Cas. Ins. Co.*, 755 F.3d 1063, 1066 (9th Cir. 2014) (affirming the "award of contractual prejudgment interest (service charges).") (parenthesis in original). Thus, because the credit contract was made before any interest had become due, under West Virginia law compound interest cannot apply. As a result, the Court finds that Defendant owes Plaintiff—in addition to the $104,104.00 under the lease agreement—$15,793.70 in interest, $18,400.00 in attorneys' fees, and $3,086.00 in costs, pursuant to the credit contract.

**IV. Conclusion**

Based upon the analysis provided above, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Plaintiff's Motion for Summary Judgment, and Amended Motion for Summary Judgment (ECF Nos. 29, 44) against Defendant Sun, and **GRANTS** Plaintiff's Motion for Summary Judgment against Defendant Berthelot (ECF No. 56).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 18, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g.*, *Mem. in Supp. of Pl.'s Am. Mot. for Summ. J.*, ECF No. 45, at 11.